UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEDRO CALIXTO HERNANDEZ,

　　　　Petitioner,

　　v.

WARDEN, CENTRAL VALLEY ANNEX
DETENTION FACILITY, *et al.*,

　　　　Respondents.

Case No. 1:26-cv-03990-NW

**ORDER GRANTING MOTION
FOR TEMPORARY
RESTRAINING ORDER**

Re: ECF No. 2

　　This habeas action concerns the detention of Petitioner Pedro Calixto Hernandez, a noncitizen who has lived in the United States since April 2015. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's motion for temporary restraining order. *See* ECF No. 2. For the reasons explained below, the Court GRANTS the motion.

## I.　BACKGROUND

　　Petitioner is a citizen of Mexico who entered the United States sometime in April 2015 by crossing the southern border. ECF No. 1 ¶ 23. Neither Petitioner nor Respondents have indicated whether Petitioner was processed by immigration authorities at that time. Since entering the United States eleven years ago, Petitioner has settled in Dallas, Texas where he works as a carpenter and in residential maintenance. *Id.* He also married a United States citizen who is a member of the United States armed forces. *Id.* at 60. They have a two-year old son together. *Id.* Petitioner's wife filed a Form 1-130, Petition for Alien Relative, on Petitioner's behalf in March 2026. *Id.* at 44. That petition is currently pending with USCIS. *Id.* ¶ 18.

United States District Court
Eastern District of California

Sometime in 2023, Petitioner was arrested for driving under the influence and served four months in jail. *Id*. ¶ 23. After completing the sentence, Petitioner alleges that he was "transferred to an immigration detention center in Dallas, Texas where, after updating [his] immigration status, [he] was released." *Id*. He contends that this is his only offense in the eleven years he has lived in the United States, and that he has not drunk alcohol since the arrest. *Id*. Respondents did not address Petitioner's conviction or prior immigration detention, nor did they submit any immigration records in their response.

Petitioner was re-detained by Immigrations and Customs Enforcement ('ICE") on April 29, 2026 while attending his annual check-in at the ICE Office in Dallas, Texas. *Id*. ¶ 24. He is currently being held at the Central Valley Annex in McFarland, California. *Id*. ¶ 1. Proceeding pro se, he filed a petition for writ of habeas corpus and motion for temporary restraining order on May 26, 2026. Respondents filed a response to Petitioner's motion for a temporary restraining order and petition for writ of habeas corpus on May 29, 2026 (ECF No. 9). Through counsel appointed by the Court, Petitioner filed a reply on June 17, 2026 (ECF No. 11). In their two-page response, the government only argues that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." ECF No. 9 at 1.

## II.    LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008).

## III.    DISCUSSION

Petitioner alleges that his prolonged detention without an individualized finding that he is a

flight risk or danger to the community violates his due process rights under the Fifth Amendment. ECF No. 1 at 16. In his motion for a temporary restraining order he requests that he be released from detention. ECF No. 2 at 9. For the reasons that follow, the Court GRANTS the motion and orders Petitioner's immediate release.

### a.    Likelihood of Success on the Merits

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. Applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases). As such, this Court—as well as the majority throughout the United States—have rejected this argument. *See, e.g.*, *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *7–10 (E.D. Cal. Oct. 9, 2025); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at 8–10 (N.D. Cal. Sept. 12, 2025); *D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302, at *5 (E.D. Cal. Jan. 12, 2026). Respondents have provided no reason to deviate from these prior, well-reasoned orders. Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to Petitioner's due process claim.

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Neither party has provided significant detail regarding Petitioner's alleged release from immigration detention some time in or around 2023. Though Respondents were directed by the Court to file certain immigration records with their response, which may have provided additional

3

detail on this prior detention, they failed to do so.  *See* ECF No. 8.  Similarly, Petitioner did not provide further factual detail in his reply.

Regardless, the Court finds that even on this limited record, Petitioner has shown a strong likelihood that he obtained a liberty interest in his continued freedom following his release from immigration custody in 2023.  Where an individual was previously released from immigration custody, Courts in this district have generally found that the individual obtains a liberty interest in their continued freedom, irrespective of the statutory scheme he was released under.  *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same).  As Petitioner alleges, he was previously released from immigration custody *after* he served a short sentence for driving under the influence.  Respondents have not disputed this contention.  The Court finds that Petitioner has a liberty interest in his continued freedom.

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued freedom.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he was released from immigration custody almost three years ago.  In addition, he has developed ties in his community, including getting married, starting a family, and working.  "[His] detention denies [him] that freedom."

United States District Court
Eastern District of California

*Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. In fact, Petitioner maintains that he has a clean criminal record since his release from immigration custody in 2023—a fact Respondents do not dispute. Further, he was arrested by ICE while attending a scheduled immigration appointment, demonstrating a willingness to comply with immigration rules, rather than an indication of flight risk. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

Given that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he has shown a strong likelihood that he is entitled to relief on his due process claim.

### b.      Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting

United States District Court
Eastern District of California

*Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time"). Indeed, where the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *See Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005). Because Petitioner was detained without any showing of changed circumstances by the Government, the Court finds that he would be irreparably harmed by the continued deprivation of his liberty in violation of his due process rights.

### c. Balance of the Equities and Public Interest

As for the balance of equities and the public interest factors of the inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors Petitioner. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner in violation of his due process rights is low. As noted above, in immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. As such, the equities lean towards Petitioner.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the motion for a temporary restraining order is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner Pedro Calixto Hernandez from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

United States District Court
Eastern District of California

removal.

4.      By June 25, 2026, Respondents may file a further response to show cause why the Court should not grant the Petition and enter judgement in favor of Petitioner.  Any further response should include Petitioner's full Form I-213 and any orders of release or detention. Petitioner may file a reply by June 29, 2026.

**IT IS SO ORDERED.**

Dated: June 18, 2026

Noël Wise
United States District Judge